# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JULIE R. GUNTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 22-00527-CV-W-MDH-SSA |
| KILOLO KIJAKAZI, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff Julie R. Gunter's ("Plaintiff's") appeal of Defendant Social Security Administration Commissioner's ("Defendant's") denial of her application for disability and disability insurance benefits under Title II of the Social Security Act ("the Act"), and supplemental security income benefits under Title XVI of the Act. Plaintiff exhausted all her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's ("ALJ's") decision relied on the appropriate legal standards and found support in substantial evidence. Further, the Appeals Council appropriately adjudicated Plaintiff's claim and ensured requisite due process. Accordingly, the ALJ's decision is **AFFIRMED**.

## BACKGROUND

Plaintiff applied for disability benefits and supplemental income September 24, 2019. Plaintiff's application originally alleged a disability onset date of December 1, 2016. Plaintiff later amended her onset date to September 24, 2019. (Tr. 37-38). Plaintiff's claim was initially

denied. On reconsideration, Plaintiff participated in a hearing with the ALJ. On May 5, 2021, the ALJ found Plaintiff does not qualify as disabled for purposes of the Act. The ALJ further found that Plaintiff suffered severe impairments of degenerative disc disease, asthma, obesity, affective disorder, and anxiety disorder. (Tr. 23). In formulating Plaintiff's residual functioning capacity ("RFC"), the ALJ found Plaintiff was able to perform light work with some additional limitations. (Tr. 19-20). The ALJ also found the types of jobs available to Plaintiff, like office helper, marker, and router, exist in sufficient numbers throughout the national economy. (Tr. 23-24). The ALJ further dismissed Plaintiff's Title II claims, finding that Plaintiff voluntarily withdrew her claim for a hearing on this matter.

On June 13, 2022, the Appeals Council issued an opinion on the matter. The Appeals Council adopted the ALJ's conclusion that Plaintiff was not disabled. (Tr. 5-6). The Appeals Council, however, overruled the ALJ's finding that Plaintiff had withdrawn her request for a hearing on the Title II application. The Council further found, with respect to Plaintiff's Title II claims, that Plaintiff is not disabled for purposes of the Act, as Plaintiff's amended onset date, September 24, 2019, falls after her date of last insured, March 31, 2019. (Tr. 5). The Appeals Council's decision, which substantively adopted the ALJ's findings, is Defendant's final decision in this matter, over which this Court has judicial review.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable

person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Though unclear, Plaintiff's first argument appears to be that the Appeals Council's decision somehow deprives Plaintiff of procedural due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. (Doc. 15 at 3-4). Specifically,

3

Plaintiff argues she has a "property interest in her Social Security Claim that is in danger of being taken by the unlawful actions of the Appeals Council. By determining that Plaintiff[] 'knowingly' dismissed her alleged onset date to a date after her last insured, which did not, and then using that reasoning as a basis for dismissing Plaintiff's Social Security claim is bureaucratic sophistry at its best." (Doc. 15 at 4). Plaintiff's constitutional argument appears limited to the Appeals Council's denial of her application for disability and disability insurance benefits under Title II of the Act.

To the extent Plaintiff intends to contend that the ALJ erred when finding Plaintiff voluntarily withdrew her request for oral hearing on the Title II benefits, the Appeals Council already addressed this issue and reversed the ALJ's decision. The Appeals Council reasoned the hearing transcript did not sufficiently show Plaintiff knowingly and affirmatively withdrew her hearing request on the Title II benefits. The Appeals Council's denial of Plaintiff's Title II claim appears unrelated to the issue of whether Plaintiff withdrew her request for a hearing on the Title II application. Rather, the Appeals Council denied Plaintiff's Title II benefits because Plaintiff's amended onset date, September 24, 2019, falls after Plaintiff's date of last insured, March 31, 2019.

To the extent Plaintiff seeks to argue she never amended her Title II onset date as claimed by the Appeals Council, Plaintiff has failed to offer additional facts or argument in support. As Defendant claims, Plaintiff's brief in the present matter fails to challenge the Appeals Council's understanding of the disability onset date or the date her insured status was determined to expire. For Title II eligibility, Plaintiff's last insured date cannot occur before the alleged onset date. Further, the transcript of the hearing with the ALJ makes leaves no doubt that Plaintiff explicitly amended her alleged onset date from December 1, 2016 to September 24, 2021. (Tr. 37-38).

To the extent Plaintiff intends to argue the Appeals Council process has failed to provide sufficient opportunity for Plaintiff to be heard, Plaintiff likewise fails to advance facts or argument in support. The Appeals Council decision specifically states that Plaintiff was provided an opportunity to furnish additional evidence or a statement about relevant law or facts, but that Plaintiff provided no such information. Included in the record is notice, dated June 30, 2021, sent by the Appeals Council to Plaintiff's attorney providing a twenty-five day window during which Plaintiff could submit additional evidence or briefing to the Appeals Council. (Tr. 10). The record lacks any evidence suggesting Plaintiff provided the Appeals Council with anything further. Moreover, Plaintiff's brief does not appear to specifically challenge the Council's process for accepting and reviewing additional evidence or briefing. Accordingly, Plaintiff's alleged constitutional challenges to the Appeals Council's decision are **DENIED**.

Plaintiff next argues that insufficient evidence supports the ALJ's finding, adopted by the Appeals Council, that Plaintiff is not disabled for purposes of her Title XVI claim. In support, Plaintiff appears to argue the ALJ failed to reconcile perceived inconsistencies in reports from state examiners. Plaintiff fails to identify with clarity how she believes the reports from state examiners constitute inconsistency. Rather, Plaintiff highlights opinion from Drs. Mark Maddox (Tr. 97) and Mark Altomari (Tr. 138) indicating they had insufficient evidence to determine the degree to which Plaintiff could understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt of manage oneself. The specific part of the record to which Plaintiff cites as evidence of conflict reflects assessments completed by Drs. Maddox and Altomari pertaining to Plaintiff's condition no later than her date of last insured, March 31, 2019.

To the extent Plaintiff argues that Drs. Maddox and Altomari's findings of insufficient evidence somehow contradict other opinion evidence, findings of "insufficient evidence" do not constitute a "prior administrative medical finding" the ALJ must fully analyze. 20 C.F.R. SS 404.1513(a)(5); 416.913(a)(5), indicating reversal is unwarranted. Further, as Defendant notes, the specific findings Plaintiff references correspond to a period before the date of last insured. (Tr. 97 and 138). These findings, therefore, do not contradict findings related to the Title XVI period, beginning September 24, 2019, the date of Plaintiff's application.

Plaintiff also contends that the ALJ failed to address issues of supportability and consistency. In particular, Plaintiff takes issue with the ALJ's handling of medical opinion evidence from Dr. Vincent Hamo, D.O., Plaintiff's primary care physician. (Tr. 2142-57). Dr. Hamo's opinion consists of a formulaic checkbox opinion with little to no supporting evidence. While this form of evidence may at times prove probative, the ALJ noted limitations to its persuasiveness in this particular case.

A close read of the ALJ's opinion reveals an adequate discussion of consistency and supportability of Dr. Hamo's opinion. The ALJ, for example, noted that Dr. Hamo's opinions about Plaintiff's functioning are inconsistent with the broader record evidence. The ALJ also explains that Dr. Hamo failed to expand beyond his checkbox form and failed to cite to further medical evidence in support of his findings, which were largely based on Plaintiff's subjective self-reporting. The ALJ also notes that Dr. Hamo's checkbox form fails to address Plaintiff's non-compliance with treatment and self-reported substance abuse issues. Taken together, this shows Plaintiff has adequately analyzed Dr. Hamo's medical opinion in terms of supportability and consistency vis-à-vis the broader record evidence and relevant regulations. This in turn shows adequate evidence supports the ALJ's findings, which are **AFFIRMED**.

## CONCLUSION

For foregoing reasons, the ALJ's decision is **AFFIRMED** and Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 28, 2023

                                                       */s/ Douglas Harpool*
                                                      **DOUGLAS HARPOOL**
                                                      **United States District Judge**